UNITED STATES DISTRICT COURT
EASTERN DISTRICT OV NEW YORK

Case No.
*(to be filled in by the Clerk's Office)*

JAMES JOSEPH CONNORS,

*Plaintiff,*

-v-

JOSEPH NOCELLA JR., in his official capacity as U.S. Attorney for Eastern District of New York, PAM BONDI, in her official capacity as Attorney General of the United States, JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services (USCIS), KRISTI NOEM, in her official capacity as Secretary, U.S. Department Of Homeland Security, and THOMAS CIOPPA, in his capacity as New York District Director for United States Citizenship and Immigration Services (USCIS)

Defendants.

## COMPLAINT AND ACTION IN MANDAMUS

## INTRODUCTION

**1.** Plaintiff, James Joseph Connors, ("Connors"), respectfully petitions this Honorable Court for a Writ of Mandamus to compel the United States Citizenship and Immigration (USCIS) to adjudicate his I-485 Application to Register Permanent Residence or Adjust Status, Receipt Number MSC2390246445, which has been subjected to an unreasonable and unjustifiable delay, depriving him of rights and protections guaranteed under federal law.

2. Plaintiff Connors came to the United States on or about January 1, 2017 with an ESTA.. His passport was issued in the United Kingdom under Number 121585348 and expires on March 1, 2031.

3. Plaintiff Connors is not married.

4. Plaintiff Connors is not hiding in this country. He arrived in the United States with an ESTA and a passport and came in to this country legally.

5. Plaintiff's uncle, Miles Connors filed a SIJS application for him in the Suffolk County Family Court and became his guardian. Thereafter, in or about January 17, 2023, an I-360 was filed together with Form I-485, Application to Register

Permanent Residence or Adjust Status, and Form I-765, Application for Employment Authorization, which was approved on December 8, 2023. Additionally, Connors was scheduled for and did receive his biometric appointment for February 22, 2023.

6. Since then, USCIS has failed to comply with its duty to adjudicate his claim. Immigration Nationality Act ({"INA"), Section 208(a), 8 U.S.C. Section 1158(a). As of the date of this filing, it has been 2 years and 10 months since the I-485 Application to Register Permanent Residence or Adjust Status, was filed.

7. Plaintiff Connors has diligently contacted USCIS on a continuous basis and has been advised in writing and on the telephone that he needs to "keep waiting", although their records show nothing is outstanding at this time.

8. Despite completing all prerequisites for adjudication, Plaintiff's application remains pending, with no decision rendered as of the date of this filing, constituting an unreasonable delay under the APA and relevant immigration laws.

9. The prolonged delay has caused significant emotional distress, financial instability, and uncertainty for Plaintiff.

10. This protracted inaction is arbitrary, capricious and contrary to law.

## JURISDICTION AND VENUE

11. The court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1361 and 28 U.S.C. Section 1651 because plaintiff asks this Court to compel Defendants, officers of the United States, to perform their duty owed under INA Section 208(d)(5)(A)(ii)-(iii), 8 U.S.C. Section 1158(d)(5)(A)(ii)-(iii).

12, Jurisdiction is also conferred on this court pursuant to 5 U.S.C. Section 704 as Connors is aggrieved by adverse agency action which this court is authorized to remedy under the Administrative Procedures Act (APA) 5 U.S.C. Sections 702 et seq..

13. Jurisdiction of this court is also invoked pursuant to 28 U.S.C. Sections 2201-02 which authorized the issuance of declaratory judgment.

14. Connors seeks costs and fees pursuant to the Equal Access to Justice Act, 5 U.S.C. Section 504 and 28 U.S.C. Sections 2412(2) et seq.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(e) because ta substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are officers or employees of the United States acting in their official capacities.

## I. The Parties to This Complaint

**16.** Plaintiff James Joseph Connors is a citizen of England who currently iives in Port Jefferson Station, Long Island, New York. Connors submitted a Form I-485, Application to Register Permanent Residence or Adjust Status to USCIS on January 17, 2023..

17. Defendant Joseph Nocella Jr., in his official capacity as U.S. Attorney for Eastern District of New York. Defendant Nocella is named in his official capacity.

18. Defendant Pam Bondi, in her official capacity as Attorney General of the United States. Defendant Bondi is named in her official capacity.

19. Defendant Joseph B. Edlow, in his official capacity as Director of (USCIS), the Agency charged with granting the adjustment of status. Defendant Edlow is named in his official capacity.

20. Kristi Noem, Secretary, U.S. Department Of Homeland Security, and is named in her official capacity.

**21.** Thomas Cioppa, New York District Director For (Uscis) to which Plaintiff's case has been assigned. The Office has direct authority and responsibility to grant Plaintiff's adjustment of status. Defendant Cioppa is named in his official capacity.

## FACTS

A. **Defendants Should Adjudicate or Decide the Adjustment of Status Application that has been unduly delayed**.

22. The key question in most immigration cases is whether a delay in granting a benefit has become objectively "unreasonable." In determining whether the delay is unreasonable, a reviewing court generally considers the factors stated in the leading D.C. Circuit case of *Telecommunications Research and Action Center (TRAC) v. Federal Communications Commission.* These *TRAC* factors are:

(1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5)

the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *Telecommunications Research and Action Center v. FCC, 750 F. 2d 70, 80 (D.C. Cir. 1984) (cleaned up and citations omitted).*

23. The weight to be given each *TRAC* factors is case-specific, but there are a few general considerations. First, a plaintiff is in a strong position if the agency has delayed beyond a statutory timeline (even if Congress did not provide a penalty for exceeding the statutory timeline). They are in an even stronger position if their case has taken longer than most other cases of the same type. Further, whether there is a reasonable justification for the delay in a specific case often depends on the underlying issues and the extent to which the plaintiff contributed to the delay. That means a potential plaintiff should understand current processing times and get an evaluation of the history and issues in their particular case.

24. The *TRAC* factor that is often under-appreciated, though, is the nature and extent of the interests prejudiced by the delay. This is where an attorney needs to explain how the delay is

25. Courts have found that the INA establishes a clear right to adjudication of several types of applications. These include timely adjudication of: • Adjustment of status applications. See, e.g., Razik v. Perryman, No. 02-C-5189, 2003 U.S. Dist. LEXIS 13818, *6–7 (N.D. Ill. Aug. 7, 2003) ("Courts have consistently held that [8 U.S.C. § 1255] provides [a noncitizen] with a right to have an application for an adjustment of status adjudicated and imposes a duty upon the Attorney General to adjudicate cases within a reasonable time."); see also Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002) (stating that noncitizen plaintiffs "have a right to have their cases adjudicated").

26. As set forth in greater detail below, Plaintiff Connors has a meritorious claim for an adjustment of status. An I360 and the I-485 (Adjustment of Status) were filed, but at the time this Complaint is being filed, USCIS has not decided the I-485 despite USCIS' statutory duty and despite him having filed his application more than two years and 10 months ago.

**Plaintiff's Meritorious Claim for Adjustment of Status**

27. Plaintiff's uncle, Miles Connors filed a SIJS application for him in the Suffolk County Family Court as both his parents had abandoned him, and became his guardian. Thereafter, in or about January 17,, 2023, an I-360 was filed together with Form I-485, Application to Register Permanent Residence or Adjust Status, and Form I-765, Application for Employment Authorization, which was approved **on** December 8, 2023. Additionally, Connors was scheduled for and did receive his biometric appointment for February 22, 2023.

**28.** Additionally, Connor has an approved I-765 – Application for Employment Authorization.

29. Plaintiff has a meritorious claim inthat he has met all the qualifications to become a lawful permanent resident (Green Card holder).

**Defendant's Failure to Comply With Their Statutory Duty to Adjudicate Plaintiff's Adjustment of Status Has Prejudiced Plaintiff By Leaving Him in Legal Limbo for Years**

30. Connors' filed an I360 and an Adjustment of Status on January 17, 2023. His applications have been pending for almost three years and during this time Defendants have not taken any steps to decide his applications.

31. Defendant's failure to decide his adjustment of status application has been prejudicial to Connors. Plaintiff wants to live safely and build a permanent life in the United States, where he will be free from the threats to his life that he faced in the U.K. However, having his adjustment of status undecided makes it impossible for Plaintiff to make long-term plans for the future and leaves him in perpetual uncertainty about his legal status in this country.

32. Plaintiff's application is complete and well-documented, and he has a clear right to have it decided upon, not just approved.

33. : The delay is not due to common problems like missing information, incomplete forms, or a failure to respond to requests for evidence (RFE).

34. : The waiting period has significantly exceeded the agency's published processing times for similar cases.

35. Plaintiff already made reasonable attempts to get a decision through normal channels, such as submitting case inquiries, by telephone and by email through the USCIS contact information page.

## COUNT ONE

## Violation of the Administrative Procedure Act

## Section 706(1) – Unreasonable Delay

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

37. Plaintiff has a statutory right to apply for his adjustment of status and defendants failed to perform this non-discretionary duty.

38. Plaintiff has no adequate remedy at law and will suffer irreparable harm if Defendants do not promptly decide his Adjustment of Status application.

39. Under the Administrative Procedure Act ("APA"), 5 U.S.C. Section 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

40. Defendants' delay in providing a decision to Plaintiff is unreasonable because the delay impacts every aspect of Plaintiff's life, hindering his ability to make permanent plans, move, and find long term employment.

41. The delay here is especially intolerable because it impacts Plaintiff's health and welfare, as well as his economic interests. Among the injuries Plaintiff has suffered are an inability to see and reunite with his family, an inability to find stable housing and employment due to his uncertain legal status and the daily psychological trauma of not knowing if he can build a new life in the United States or if he will be sent back to the U.K. where he will face a severe risk of persecution as a Traveler.

42. Expediting the delayed decision would not impact Defendant agency USCIS' other priorities. Plaintiff does not ask USCIS to devote greater capacity to deciding an adjustment of status claim, rather he asks the agency to use its existing capacity to decide his adjustment of status claim in turn.

43. Having diligently followed the procedures set forth by Defendants, Plaintiff seeks a court order compelling Defendants to decide his adjustment of status application.

**COUNT TWO**
**MANDAMUS**

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

45. Plaintiff seeks mandamus relief in the alternative. Under the Mandamus Act, 28 U.S.C. Section 1361, relief may be granted because Defendants owe Plaintiff a non-discretionary statutory duty and Plaintiff has exhausted all other avenues of relief.

46. Plaintiff has a statutory right to apply for asylum and to be considered for that relief pursuant to the Immigration and Nationality Act, INA Section 208(a), 8 U.S.C. Section 1158(a). Defendants have failed to perform their nondiscretionary duty.

47. Though USCIS has discretion in granting or denying applications, it has no discretion to decline to schedule interviews and to adjudicate Plaintiff's application for adjustment of status.

48. Aside from claims brought under the APA, supra, Plaintiff has no adequate remedy at law, and will suffer irreparable harm if his adjustment of status application is not promptly adjudicated.

49. Having diligently followed the procedures set forth by Defendants, Plaintiff seeks a writ of mandamus or in the nature of mandamus to end Defendants' unreasonable delay and refusal to adjudicate his Adjustment of Status application.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants' actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.W. Section

706(1), 5 U.S.C. Section 706(2)©, and 28 U.S.C. Sections 2201-02;

c. Issue a permanent injunction pursuant to 28 U.S.C. Section 1361 and 5 U.S.C. Section 706(1) compelling Defendants to make a determination on Plaintiff's I-485 Application for Adjustment of Status;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. Section 1361, 28 U.S.C. Section 16512, and/or 5 U.S.C. Section 706(1), compelling Defendants to make a determination on Plaintiff's I-485, Application for Adjustment of Status;

e. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. Section 504 and 28 U.S.C. Section 2412(2), et seq.; and

f. Grant such other relief as the Court deems necessary and proper.

Dated: Hauppauge, New York
November 26, 2025

JUDITH C. GARCIA, ESQ.
Attorney for Plaintiff
888 Veterans Memorial Highway
Suite 405
Hauppauge, New York 11788
631 864-2443

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OV NEW YORK

---

Case No.2:25-cv-05406-ST
*(to be filled in by the Clerk's Office)*

JAMES JOSEPH CONNORS,

*Plaintiff,*

**-v-**

JOSEPH NOCELLA JR., in his official capacity as U.S. Attorney for Eastern District of New York, PAM BONDI, in her official capacity as Attorney General of the United States, JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services (USCIS), KRISTI NOEM, in her official capacity as Secretary, U.S. Department Of Homeland Security, and THOMAS CIOPPA, in his capacity as New York District Director for United States Citizenship and Immigration Services (USCIS)

Defendants.

---

**COMPLAINT AND ACTION IN MANDAMUS**

JUDITH C. GARCIA, ESQ.
Attorney for Plaintiff
888 Veterans Memorial Highway
Suite 405
Hauppauge, New York 11788
631 864-2443